Good morning. The first case this morning is 087114, Hilliard v. Department of Justice Affairs. Ms. Blumenthal. Thank you, Your Honor. The responsive issue in Mr. Hilliard's case is whether the evidence before the agency in 1958 is legally sufficient to rebut the presumption of sound condition. If not, as Ms. McCormick urges, then the outcome of the 1958 decision, which denied a service connection, would have been manifestly changed. But for the presumption of sound condition issue, Mr. Hilliard had evidence that would otherwise support a service connection. He had an in-service diagnosis of epilepsy, which is a chronic disease recognized by the VA in 1958 as such, as well as today. He had a present disability as of 1958 because there was a 1958 CT examination which confirmed the epilepsy diagnosis. And because epilepsy is one of the chronic diseases recognized under VA's regulation, under this court's decision, it grows. The chronicity designation of it as a chronic disease is sufficient to show the nexus. Do you want us to decide the legal sufficiency of the evidence? Particularly, yes, Your Honor, particularly- How do we have jurisdiction? Under Wolf's survey, the issue of legal sufficiency is a question of law, where the question is if there was an absence of any evidence that would meet the legal standard. That's the case in Mr. Hilliard's case. There is evidence, and I wish to make clear, we are not asking the court to re-weigh the evidence. We're not disputing the evidence. What we're saying is that the only evidence before the VA in 1958 was the evidence of the in-service diagnosis, the current diagnosis, and the veteran's lay history that he had spasms, but no diagnosis prior to his in-service diagnosis of epilepsy. That evidence alone is not sufficient under 3.63E, which is the regulation that preceded 3.304, and defines what kind of evidence VA must consider in order to make the determination of rebuttal, that the presumption of sanity condition has been rebutted. There is an absence of criteria pertinent to medical judgment, which the regulation says that medical judgment alone without evidence of the medical principles is not sufficient, will not be considered for purposes of rebutting the presumption. Counsel, why isn't our decision in Kent controlling this case? Excuse me for a second. I know we addressed that, and I blanked out on the holding of Kent. Kent is the hearing loss case. Did that help you? Kent argued, as I recall, Kent argued that the presumption of sound condition, if the disability was not noted at the time of enlistment, the presumption of sound condition was irrebuttable. We're not arguing that. We're not arguing that it was irrebuttable. What we're arguing is that in order to meet its very high burden of rebuttal, the Secretary had to produce the type of evidence required by 3.63E. In particular, that regulation does not allow a bare medical conclusion. It does not even allow the agency to rebut on the basis of history alone. It requires consideration of medical principles as well as factors relevant to inception to the development of a particular disease and that sort of thing. That's the kind of evidence that's completely missing from this case. I guess I'm not following you. I thought you were arguing, like in Kent, that the presence of pro and con evidence meant the presumption of soundness could not be rebutted. Is that what you're arguing? Because that's what I see Kent as having resolved. The argument about the pro and con, there are two different... Number one, that's limited to whether Mr. Hilliard was entitled to a reversal instead of a remand the first time around in the CABC. The pro and con evidence, that's not our finding. That's the Board's finding. We're not asking the Veterans Court to re-weigh what the evidence meant or what was more persuasive at the time of the 1958 decision. Why is that exactly what you're asking? What strikes me is that you had evidence going both ways. Assuming that the standard is clear and unmistakable, or clear and convincing, whatever it is, the Board, in this review, has determined that the evidence was sufficient to make that finding. And you're asking us to second-guess that? No, I'm not, Your Honor. What I'm saying is that the Board's determination that the evidence was pro and con, does not meet the un-debatable standard that VA must meet in order... on its face, does not meet... So they sent it back to have it make the correct determination? Make a determination? Well... And the Board did make a determination, right? Made a determination using the right standard, correct? I don't believe they did, Your Honor. It's not only the... And concluded, based on that evaluation... How did they use the wrong standard this time around? The consideration of conclusory evidence that does not meet the standard in 3.63E. If it's... I believe, Your Honor, it's somewhat comparable to, perhaps, a district court trial, where certain evidence may be admissible, but because it does not meet the requirements of the rules of evidence, it's not capable of being considered on the issue. That's what, in our view, 3.63E does. It requires VA's rebuttal evidence to meet a particular standard. It must have certain elements. Those elements were not here. I would note, as I was reviewing for argument, I would note that the medical sufficiency of the evidence under 3.304, the current reg in light of the presumption of sound condition statute, was presented to the court in a December 2008 decision. The court declined for jurisprudential reasons to address that because the issue had not been considered below. That case was in a neighborhood. I think I pronounced that correctly. If I could take just a very short time to tell you why, I think our case is not really the same issue. In that case, McClellan conceded preservance, because in current the issue was aggravation, the second problem with the Wagner test. He argued, because there was a medical opinion in his case on aggravation, and it did offer, it seemed to me, some rationale, he argued that the regulation itself allowing medical judgment was contrary to the presumption of sound condition because Congress had amended the presumption of sound condition back in 1943 to delete medical judgment as a basis for rebuttal. Therefore, as I understood his position, his position was that the regulation itself was inconsistent with what Congress had intended to do through its amendment of the wartime presumption, and particularly contrasted that with the fact that Congress did not remove the medical judgment requirement from the peacetime presumption. We're not contending that the regulation itself is invalid or that it's contrary to the regulation, but rather we see 3.63d and the current 3.304 as filling the gap as to what clear and unmistakable evidence is, what pieces of evidence can be considered. The regulation, therefore, defined does not exclude medical judgment, but it conditions its consideration on certain factors that are pertinent to the reliability of the medical judgment, and that includes providing a medical rationale and a discussion of the medical incentive process. It sounds like you're stretching over. Okay. You're spot on there. All right. All right. Thank you, Your Honor. Good morning, and may it please the Court. The 1958 rating board had before it all different types of evidence, medical opinion, lay statements, statements from folks who knew Mr. Hilliard, and weighing all of that evidence, the 1958 board concluded it was clear and unmistakable that Mr. Hilliard's epilepsy both preexisted his entry into service and was not aggravated by his service. Nearly 50 years later, the Veterans Court found no clear and unmistakable error in that judgment, and this Court should affirm that holding for at least two reasons. First, the simple fact that the record in 1958 contained some evidence in Mr. Hilliard's favor, for example, a statement by his priest that he knew Mr. Hilliard to be in sound physical condition, does not, as a matter of law, preclude a finding that the evidence was clear and unmistakable, and that is the issue that this Court addressed in its Kent decision. Although Mr. Kent also made the additional argument that Mr. Hilliard points out this morning that he was seeking to have the Court hold that the presumption was irrebuttable, the Court identified the issue as focusing on the meaning of clear and unmistakable, and this Court explained that the clear and unmistakable evidentiary standard applied to the burden to rebut the presumption, but the standard does not require the absence of conflicting evidence, and that is precisely what Mr. Hilliard argues here today. The Board in 2001 did not, its statement that the evidence was pro and con can be found on page 68 of the appendix attached to the appellant's brief, and that statement was made after the Board already rejected Mr. Hilliard's argument as a challenge to the weighing of the evidence, and the Board explained that cannot, as a matter of law, constitute Q. The Board then followed that up with an alternate statement noting that there was medical evidence against the claim for epilepsy and some evidence in favor of the claim for epilepsy, and then described that as pro and con. That was not a statement about the weighing of the evidence, rather it was an observation that evidence existed both in favor and against, and again, that is what Kent held or resolved is not precluded, as a matter of law, from being clear and unmistakable. Mr. Hilliard also challenges the type of evidence that the 1915 Board relied on, saying it's in conflict with 3.63. 3.63 prevented rating boards from relying on medical judgment alone or medical history alone, and as the Board explained in this case at page 35 of its opinion, that was not what happened here. The Board had before it a Board of Medical Survey which included opinions of three different doctors, three or four reports from Mr. Hilliard himself about his symptoms prior to his entry into service, and the statement of his priest and father, his entrance medical exam. There was all kinds of evidence, different types of evidence, and the Board again weighed all of that and reached its conclusion. Finally, Mr. Hilliard raises the question of the authority of the Veterans Court to have remanded this case in 2004. The Veterans Court can remand, according to statute, as appropriate. Here it remanded for further reasons and bases from the Board, which is consistent with the statutory scheme, and this Court explained in Adams that any remand consistent with the statutory scheme is appropriate. Now, in the process of preparing for oral argument, a jurisdictional twist on this remand argument did come to our attention, and that being that Mr. Hilliard may have had an opportunity to directly challenge the remand order and come to this Court in 2004, and the failure to do so has made the question of whether the remand was proper moot. As the Court found in Adams, a remand order can be appealed directly to this Court in certain circumstances. In Adams, it's because the appellant was arguing I'll bet if we start with you, you would have said it wasn't proper at that time. Well, I think that Adams does. Frank, I don't know what we would have said, but I think that Adams did make the same argument that Mr. Hilliard makes, and that being that the Veterans Court only had the authority to reverse the decision, not to remand it, because all of the evidence in front of the Court was sufficient. But in any event, even if it is properly before the Court, it was appropriate because reasons in basis is a very common reason for remand. And the other reason was a new Q claim that had not previously been addressed by the Board, which needs to consider Q claims in the first instance. Are you suggesting that any time there's a remand for articulating reasons in basis, that can be brought to us immediately? No, not at all, Your Honor. I wouldn't think so. No, not at all. I'm suggesting that the argument as Mr. Hilliard phrased it, that the Veterans Court only had the authority to So if it could be brought here, it doesn't have a problem bringing it here now? That's right. Assuming that it was not mooted, then the Court can certainly review the remand order and the more recent Board order at this time. That's right. And so for these reasons and those in our brief, we ask the Court to affirm the decision of the Veterans Court. Thank you, Your Honor. I think all of the issues which the Department of Justice has presented in our work and have been addressed in the briefs, I would just conclude, unless the Court has additional questions for me, that all of the evidence, the multitude of evidence that counsel has just discussed and discusses in the brief, none of it meets the 3163E criteria. There is no, there's nothing to plug in those holes. No evidence that endorses the criteria of 3163E. That's why the evidence is legally insufficient to rebut the presumption of some condition. You all have been very kind to me in the past by letting me run over. I'm going to quit now. I shouldn't have questions. All right. Thank you very much. Thank you, Your Honor.